HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CRYSTAL AMMONS,

               Plaintiff,

    v.

STATE OF WASHINGTON
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, et al.,

           Defendants.

CASE NO. C08-5548 RBL

ORDER ON MOTIONS
REGARDING APPORTIONMENT
OF FAULT AND SEGREGATION
OF DAMAGES

[Dkt. #s 107, 110 AND 115]

THIS MATTER is before the Court on a series of Motions regarding the apportionment

of fault between and among Defendant DSHS,[1] the Plaintiff and the non-party intentional

tortfeasor (Anthony Grant), and the segregation of damages caused by these entities.  Plaintiff

Ammons seeks (1) an Order excluding evidence or argument that she is "at fault" for the sexual

abuse she suffered [Dkt. #107]; (2) an Order excluding evidence re: fault of non-parties not

identified by Defendants [Dkt. #110]; and (3) an Order striking DSHS's Affirmative Defense

---

[1] Plaintiff asserts a §1983 claim against the other Defendant, LaFond, but Ammons'
negligence claim is asserted against only defendant DSHS. Defendants concede that the issues
raised in the subject Motions relate only to the single negligence defendant, DSHS.  *See* Dkt.
#117 at 1, fn 1.  For clarity, where the context requires, the allegedly negligent Defendant will be
referenced in the singular "DSHS" in this order.

1  No. 3, which asserts that "Plaintiff's damages if any were caused by the intentional conduct of

2  Anthony Grant.  Those damages must be segregated from damages caused by Defendants."

3  [Dkt. #115].

4          The facts of the case are well known to the parties and will not be repeated here.  As they

5  pertain to the issues raised in the Motions, the facts are largely undisputed: Ammons was an

6  "extremely vulnerable child entrusted to the care of the state" at its psychiatric hospital; DSHS

7  was her legal guardian.  One of her counselors, Anthony Grant, repeatedly had sexual contact

8  with her while she was in the hospital.   Ammons sued DSHS for its negligence in allowing this

9  to occur and continue.  Grant is not a party.

10  **A.  Plaintiff's fault.**

11          DSHS properly concedes that it is not asserting any sort of "consent," comparative fault,

12  or failure to mitigate defense.  [Dkt. #111].  Plaintiff's Motion on this point is GRANTED; the

13  jury will not be instructed on these defenses, and will not be asked to apportion any fault to

14  Plaintiff, or to apply a mitigation calculus to any damage award.  This is not, however, an

15  evidentiary ruling excluding any particular testimony or other evidence.

16  **B.  Fault of unidentified non-parties.**

17          Ammons' second Motion seeks an Order excluding "evidence of fault of non-parties not

18  identified by Defendants."  Facially, the Motion is straightforward and unopposed.  There is only

19  one non-party[2] whose culpability is even possibly at issue—Anthony Grant—and he has been

20  more than sufficiently identified.  DSHS will not be permitted to claim that some other third

21  _____

22          [2] The separate but related issue of the relevance and admissibility of damages suffered by
    Plaintiff before and after the sexual contact at issue in this case was the subject of yet another set
23  of Motions [Dkt. #s 97 and 102], and of a spirited oral argument.  This Order does not change the
    resolution of those Motions.

24

party is "at fault" as that term is used in R.C.W. 4.22.070. Plaintiff's second Motion [Dkt. #110] is GRANTED and Defendants' Second Affirmative Defense is STRICKEN.

**C.  Segregation of Damages.**

Plaintiff's third Motion seeks to strike Defendants' "segregation" affirmative defense. This defense raises at least the following issues: what exactly can DSHS say about the culpability of the intentional tortfeasor, Grant? And will the jury be instructed to segregate any damages caused by Grant's intentional acts from any caused by DSHS' negligence?

This Motion also implicates, but does not directly raise, a larger and more difficult issue: if the Motion is denied, will the verdict form ask the jury to demonstrate any segregation analysis, or to otherwise articulate what portion of Plaintiff's damages were caused by Grant? There is authority on both sides of this issue.  However, no pending motion seeks a ruling on it. Indeed, DSHS reserves the right to revisit the actual instructions and the verdict form when those issues are squarely raised.  This Order will resolve only the Motion to Strike DSHS's "segregation" affirmative defense.

Plaintiff argues that Washington law does not require segregation of damages caused by an intentional tortfeasor (and does not permit apportionment of fault to him) where, as here, the intentional actor is not a party, and the negligent defendant owed her an affirmative duty of care.

DSHS argues that under the Washington Supreme Court's opinion in *Tegman v Accident & Medical Investigations, Inc*., 150 Wn.2d 102 (2003), the jury is required to segregate any damages caused by DSHS from those caused by Grant, and that this conclusion is not affected by any protective special relationship it had with Ammons, nor by the fact Grant is not a party.

A key portion of Washington's 1986 Tort Reform Act is codified at R.C.W. 4.22.070. Under it, the general rule is proportional, rather than joint and several, liability.  All "fault" must be apportioned among at fault entities (whether or not they are parties):

> The trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW. The sum of the percentages of the total fault attributed to at-fault entities shall equal one hundred percent.

R.C.W. 4.22.070(1).  Except in limited circumstances[3] not at issue here, joint and several liability does not apply among at fault entities.  More importantly, intentional tortfeasors are not "at fault" under this scheme, as a matter of law: ""Fault" includes acts or omissions, including misuse of a product, that are in any measure negligent or reckless toward the person or property of the actor or others, or that subject a person to strict tort liability or liability on a product liability claim."  R.C.W. 4.22.015.  *See also Tegman,* 150 Wn.2d 102, 113 ("R.C.W. 4.22.070(1)(b) does not concern any liability for damages caused by intentional acts or omissions and, therefore, does not address joint and several liability for intentional acts or omissions.");  *Doe*, 141 Wash. App. 407, 438 (Error to grant joint and several judgment against negligent and intentional tort defendants, citing *Tegman*).

Because he is an intentional actor, Grant cannot be found to be "at fault" under Chapter 4.22 R.C.W.  The jury will not be asked to apportion any fault to him under R.C.W. 4.22.070(1), and this would be true even if he were a party.  For this reason, it is also clear that Grant and DSHS cannot be jointly and severally liable for any damages awarded to Ammons.  If and to the extent either party's position is contrary to these determinations, those positions are rejected.

---

[3] Joint and several liability does apply where the negligent entities acted in concert, or where hazardous waste, tortious interference, or fungible goods are involved.  (*See* R.C.W. 4.22.070(1)(a); (3)(a)(b) and (c)).
Modified joint and several liability can apply when the plaintiff is fault free, but it only applies to defendants against whom judgment is entered, and only to the extent of the sum of their proportionate liability.  R.C.W. 4.22.070(1)(b).
.

1    This does not mean, however, that the jury cannot find that damages were caused by *both*

2    Grant's intentional acts and DSHS's negligence.   In that case, it may properly award the

3    damages against DSHS.  The difference, of course, is that where the liability is joint and several,

4    a defendant may end up paying for damages which he did not in fact cause.  Where there is

5    instead more than one proximate cause of damage, a defendant may end up paying for damage

6    that someone *else* also caused, but he is not paying damages that he did not cause.

7       1.   Segregation of damages under *Tegman*.

8       Even though joint and several liability is not an issue, DSHS argues that, under *Tegman*,

9    the jury must nevertheless segregate the damages caused by the intentional tortfeasor from those

10   caused by any "at fault" or negligent entities.   It therefore claims that its third affirmative

11   defense is valid, and that the jury should be instructed to segregate the damages.  Again, what

12   exactly this requires is not raised directly in this Motion.  But DSHS seems to suggest that the

13   verdict form should ask the jury to demonstrate its segregation process.  This issue is addressed,

14   but not resolved, below.

15       a.   *Intentional tortfeasor's status as defendant.*

16       Ammons first argues that *Tegman* does not apply where, as here, the intentional

17   tortfeasor is not a party.  While it is true that the intentional tortfeasor was a party in *Tegman*,

18   the Supreme Court's "must segregate" holding was not expressly applicable only in that instance.

19   Other courts have subsequently held that segregation is required even when the intentional

20   tortfeasor is not a party.  *See Fleming v. Church of Latter Day Saints,* 275 Fed. Appx. 626, 628

21   (9th Cir. 2008)("*Tegman*, however, did not limit its holding to the intentional acts of named

22   defendants. To the contrary, the Court held that negligent tortfeasors could not be held liable for

23   "*any damages* due to intentional acts."); *Wright v. State of Washington*, No. 09 -CV-5126RJB

24   (W.D. Wa. 2010)("Although the state of the law on this issue is not a model of clarity, the

holding in *Tegman* does not appear to be limited to cases where the intentional tortfeasor is a named defendant."). [*See* Order at Dkt. #100, May 25, 2010, in that case.]

But Plaintiff argues that other authority supports her claim that the intentional actor's absence from the case can affect the segregation requirement.   She relies primarily on *Rollins v. King County Metro Transit*, 248 Wash. App. 370 (2009), *review denied* 166 Wn.2d 1025 (2009).

In *Rollins*, unknown, non-party assailants injured the plaintiffs on a King County Metro bus.  Plaintiffs sued Metro for negligence.   Metro asked the Court to instruct the jury that the plaintiff "must prove the percentage of damages caused by the negligent conduct and the percentage of damages caused by the assailants' intentional conduct."  More controversially, it also asked for a verdict form requiring the jury to calculate these percentages. *Rollins*, 148 Wash, App. At 376.  The trial court did instruct[4] the jury to segregate the damages caused by the assailants from those caused by Metro's negligence, but it did not use Metro's requested special verdict form.

The jury found that Metro's negligence was a cause of plaintiffs' damage.  Metro appealed and the Court of Appeals held: "Where there is no issue of joint and several liability and plaintiffs seek damages only for injuries caused by a single defendant's negligence, there is

---

[4] The trial court's causation instruction read in its entirety:

In calculating a damage award, you must not include any damages that were caused by acts of the unknown assailants and not proximately caused by negligence of the defendant. Any damages caused solely by the unknown assailants and not proximately caused by negligence of defendant King County ***must be segregated*** from and not made a part of any damage award against King County.

*Rollins*, 148 Wash. App. at 379 (emphasis added).

1  no need to instruct the jury to segregate damages caused by intentional conduct." In reaching

2  this conclusion, the Court of Appeals acknowledged that in two sexual abuse/failure to report

3  cases, *R.K. v. Corp. Pres. Of Church of Jesus Christ of Latter Day Saints*, 04-CV-2338RSM,

4  2006 WL 2506413 (W.D. Wa. 2006),[5] and *Jane Doe v. Corporation President of Church of*

5  *Jesus Christ of Latter-Day Saints, Inc.*, 141 Wash. App. 407 (2007), verdict forms like the one

6  Metro requested were used. *See Rollins*, 148 Wn. App. at 379-381. In *R.K.* the intentional actor

7  was not a defendant, but in *Jane Doe*, he was.

8  The *Rollins* opinion explained that the issues on appeal in those cases involved the

9  burden of segregating damages, which was not an issue in *Rollins*:

10  Neither *R.K.* nor *Jane Doe* concerned joint and several liability of at fault entities.
    The point of each ruling was to clarify that the negligent defendant has no burden
11  to segregate damages due to negligence from damages due to intentional conduct
    of other defendants. Here, this question does not arise. The trial court plainly
12  required plaintiffs to prove what, if any, damages were proximately caused by
    Metro's negligence. The court placed no burden of segregation upon the
13  defendant.

14  *Id.* The Court of Appeals held that the trial court did not abuse its discretion in

15  instructing the jury as it did. *Id.* at 383.

16  In one of the cases distinguished by the *Rollins* Court, *R.K. v. Corp. Pres. Of Church of*

17  *Jesus Christ of Latter Day Saints*, 04-CV-2338RSM, 2006 WL 2506413 (W.D. Wa. 2006),

18  Judge Martinez ruled that "the jury must segregate the damages caused by intentional conduct

19  from any damages caused by the church's negligence and submitted a special verdict form

20  instructing the jury first to calculate "the amount of plaintiff's compensatory damages," and then

21  _____

22  [5] *See R.K. v. Corp. Pres. Of Church of Jesus Christ of Latter Day Saints*, 04-CV-
    2338RSM, 2006 WL 2506413 (W.D. Wa. 2006) [Order at Dkt. #153 in that case.]  The judgment
23  in *R.K.* was affirmed in *Fleming v. Church of Latter Day Saints,* 275 Fed. Appx. 626, 628 (9th
    Cir. 2008).

24

1   to calculate the percentage of damages attributable to intentional and negligent conduct." *See*

2   *Rollins*, 148 Wash. App. at 381.

3          Contrary to Plaintiff's argument*, Rollins* does not directly hold that the intentional

4   tortfeasor's absence from the case necessarily obviates the need to segregate damages caused

5   (solely) by him from those (also) caused by the defendant's negligence.  It held instead that the

6   defendant has no burden to segregate the damages.  And despite Plaintiff's emphasis on the first

7   line of the Court of Appeals opinion ("Where there is no issue of joint and several liability and

8   plaintiffs seek damages only for injuries caused by a single defendant's negligence, there is no

9   need to instruct the jury to segregate damages caused by intentional conduct."), the trial court

10  there *did* instruct the jury to segregate.  The Court of Appeals affirmed that instruction, as well as

11  the trial court's refusal to use a verdict form requiring the jury to demonstrate that it had done so.

12         Plaintiff's claim that Grant's absence negates *Tegman's* holding that the jury must

13  segregate damages is not correct, and the court will not strike DSHS's "segregation" affirmative

14  defense on that basis.

15         b.   *Affirmative duty of care.*

16         Plaintiff also argues, persuasively, that the DSHS owed her an affirmative duty of care

17  because she was in its custody.  She argues that DSHS had a duty to protect her from foreseeable

18  harm —including sexual assault at the hands of a staff member—and that to permit it to "cast off

19  that duty" by blaming Grant would "gut the duty."  She relies *on Gregoire v City of Oak Harbor*,

20  17 Wn.2d 628 (2010) (Inmate suicide; error to instruct jury on contributory negligence when

21  jailor had a duty to protect inmate from that harm); and *Niece vs. Elmview Group Home*, 131

22  Wn.2d 39, 51 (1997) ("Sexual assault by a staff member is not a legally unforeseeable harm.").

23

24

ORDER- 8

1       DSHS argues correctly that these and similar cases do not abrogate or overrule *Tegman*.

2  It also cites *Smith v Sacred Heart Medical Center,* 144 Wn. App. 537 (2008) which held that the

3  sexual abuse of a hospital patient was unforeseeable as a matter of law where there was no

4  evidence that the employer knew or should have known that the employee was a danger.  If

5  Plaintiff is correct about the evidence of Grant's proclivities, *Smith* is not helpful to DSHS.

6       In any event, the issue raised in the Motion is not resolved by the foreseeability of

7  Grant's conduct.  Instead, the issue is whether DSHS can assert an affirmative "segregation"

8  defense under *Tegman*.

9       Apportioning fault between negligent and intentional actors is fundamentally at odds with

10  the well-established principle that there can be more than one proximate cause of damage, and it

11  is not permitted under RCW 4.22.070.  *See Welch v. Southland Corporation*, 134 Wn.2d 629

12  (1998).  While the intentional tortfeasor was undoubtedly a "cause" of all of the plaintiff's

13  damage, that fact does not and should not preclude a finding that the negligent party *also* caused

14  some or all of it.  The Court will not instruct the jury to apportion fault between DSHS and

15  Grant.

16       At the same time, instructing the jury to segregate any damage caused (solely) by the

17  intentional actor from that caused (at least in part) by the negligent defendant is required under

18  *Tegman*.  It is not inconsistent with RCW 4.22.070, and it is not inconsistent with the apparently

19  correct claim that DSHS owed Plaintiff an affirmative duty of care.

20       //

21       //

22       //

23       //

24

ORDER- 9

1       The Motion to Strike DSHS's third affirmative "segregation" defense is DENIED.  The

2 Court's specific instructions, and the verdict form, will be addressed at trial.

3       IT IS SO ORDERED.

4       Dated this 10th day of January, 2013.

5

6                                   _____

7                                 Ronald B. Leighton
                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24