HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CRYSTAL AMMONS,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al.,<br><br>    Defendants. | CASE NO. C08-5548 RBL<br><br>ORDER ON MOTION FOR RECONSIDERATION RE: RAMON EXPERT TESTIMONY |

THIS MATTER is before the Court following Plaintiff's oral Motion for Reconsideration of the Court's Order [Dkt. #149] Granting Defendants' Motion in Limine regarding the proposed expert testimony of Jane Ramon. Defendants' Motion relied on *Youngberg v. Romeo*, 457 U.S. 307 (1982) and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). They argued that because Ramon was not trained or experienced as a hospital administrator, she was not qualified to opine about the standard of professional care and judgment for hospital administrator Mary LaFond.

The Court Granted the Motion. It did so not only because Ramon's training and experience do not qualify her to provide expert testimony regarding the reasonableness of

LaFond's exercise of professional judgment, but also because she is not more qualified than the jury to make that ultimate determination.  *See* ER 702.

Plaintiff asks the Court to reconsider this decision, and suggests that Defendants' effort to exclude Ramon is the first step in seeking dismissal of Plaintiff's constitutional claim against LaFond.  She asks the Court to review specifically the Ninth Circuit's opinion in this case, particularly at footnotes 4 and 15.  The Court has done so, again.  Plaintiff is presumably most interested in the last part of footnote 15, which discusses and appears to rely at least in part on the expert testimony at issue:

> Finally, the dissent ignores the testimony of multiple experts in the record before us stating that LaFond's performance fell well below the standard of care required by law, policies, procedures, and practice.

*Ammons*, 648 F.3d at 1034 (outlining Ramon's opinions about LaFond's failures).

Ammons argues that the majority opinion resolved the admissibility of this expert testimony.  But the dissent did not ignore expert opinion testimony; it pointed out that [Ramon] was not qualified to give it.  *See* Judge Bybee's *Ammons* dissent, 648 F.3d at 1044, footnote 11.  And the majority did not rely only on the expert testimony to hold that a jury could find that LaFond failed to exercise professional judgment.  It also explained that, consistent with *Youngberg*, the jury could so find based on a variety of evidence, including (but not necessarily limited to) expert testimony:

> We accept, as the dissent repeatedly recognizes, that a conclusive application of the *Youngberg* standard will indeed require *additional facts*, expert testimony, and a *host of other evidence* in order to definitively determine what a reasonable professional would have done, that is, the standard against which to conclusively measure LaFond's actions.

*Ammons*, 648 F.3d at 1034, footnote 15 (emphasis added).

ORDER ON MOTION FOR RECONSIDERATION
RE: RAMON EXPERT TESTIMONY - 2

1   Ramon is not trained or experienced as a hospital administrator, regardless of
2   whatever experience she has in hospitals like the one run by LaFond. The Court will
3   preclude her from opining that LaFond failed to exercise professional judgment to protect
4   patient safety, and it will not reconsider that ruling.
5   This is not a ruling that there is no evidence of LaFond's failures as a matter of
6   law, and the Court will not entertain a dispositive Motion based on such an argument.
7   The testimony of LaFond alone could provide evidence about the standard of care and her
8   adherence to it. Indeed, the majority and the dissent agree that there is no "golden code"
9   of professional conduct against which to measure LaFond's actions, and the majority did
10  hold that this is a question for the jury.
11  The Motion for Reconsideration is DENIED.
12  IT IS SO ORDERED.
13  Dated this 1st day of **February, 2013.**

_____
Ronald B. Leighton
United States District Judge